**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4589**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEDARIUS DANTE MONTGOMERY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00086-JAB-1)

Submitted:  March 24, 2011          Decided:  April 13, 2011

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ledarius Dante Montgomery pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Montgomery to sixty-seven months' imprisonment. Montgomery's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issue for appeal but questioning whether the district court erred in accepting Montgomery's plea before ensuring it was made freely and voluntarily; whether the district court erred in enhancing the Guidelines range for possession of a stolen firearm; and whether the district court erred in imposing an unreasonable sentence. Montgomery did not file a pro se supplemental brief. The Government declined to respond. After our initial review of the case, we ordered supplemental briefing on the issue of whether the district court failed to adequately state its reasons for imposing its chosen sentence and, if so, whether its failure to do so constitutes harmless error. Having fully considered the record in light of the arguments, proferred by counsel, we affirm.

Montgomery first questions whether his plea was knowing and voluntary. Because Montgomery did not move in the district court to withdraw his guilty plea, the Rule 11 hearing

2

is reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).  To establish plain error, Montgomery "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights."  United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error).  "The decision to correct the error lies within [this Court's] discretion, and [the Court] exercise[s] that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 343 (internal quotation marks omitted). After reviewing the record, we conclude that the district court complied with the mandates of Rule 11 and that Montgomery's plea was knowingly and voluntarily made and supported by an adequate factual basis.

Next, Montgomery questions whether the district court erred in enhancing the Guidelines range for possession of a stolen firearm even though there was no evidence Montgomery knew the weapon was stolen.  The Guidelines specifically provide that this enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." USSG § 2K2.1 cmt. n.8(B).  Accordingly, we conclude that the district court did not err in applying the two-level enhancement.

Counsel also questions whether the district court erred in relying on hearsay evidence in determining that the firearm was stolen. It is well-established that "there is no bar to the use of hearsay at sentencing. . . . The trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain." United States v. Alvarado Perez, 609 F.3d 609, 618 n.4 (4th Cir. 2010) (internal quotation marks and citation omitted). Therefore, the district court did not err in relying on hearsay evidence in applying the sentence enhancement to Montgomery.

Lastly, counsel questions whether the district court erred in imposing an unreasonable sentence. This court reviews Montgomery's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the Court to "ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks and citations omitted). The Court then considers the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. This court presumes on appeal that a sentence within a properly calculated Guidelines range is

4

reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

In assessing a sentencing court's Guidelines applications, this court reviews its legal conclusions de novo and its factual findings for clear error. <u>United States v. Allen</u>, 446 F.3d 522, 527 (4th Cir. 2006). Procedural sentencing errors raised for the first time on appeal are reviewed for plain error. <u>United States v. Lynn</u>, 592 F.3d 572, 577 (4th Cir. 2010). Preserved claims are reviewed for abuse of discretion, and if the court finds abuse, reversal is required unless the court concludes the error was harmless. <u>Id.</u> at 576. Substantive reasonableness of the sentence is reviewed under an abuse-of-discretion standard. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. <u>Id.</u> When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. <u>Carter</u>, 564 F.3d at 328, 330.

5

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the judge decides simply to apply the Guidelines, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). Where the defendant "presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." Id. at 357. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). If this court determines that the district court abused its discretion, we then ascertain whether the error committed by the district court was harmless. Id.

We conclude that the district court abused its discretion during the sentencing proceeding by failing to place on the record an individualized assessment of Montgomery. After receiving supplemental briefs from the parties on this issue, however, we conclude that although the district court erred in failing to place on the record an individualized explanation

6

addressing Montgomery's arguments, the Government has met its burden of showing the error was harmless. In addition, the length of the sentence imposed was not unreasonable. We thus conclude that the record reveals neither substantive sentencing error nor reversible procedural sentencing error.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Montgomery's conviction and sentence. This court requires that counsel inform Montgomery, in writing, of the right to petition the Supreme Court of the United States for further review. If Montgomery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Montgomery.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>